1  GREEN & HALL, A Professional Corporation
   HOWARD D. HALL, State Bar No. 145024
2    *hdhall@greenhall.com*
3  MACEY A. CHAN, State Bar No. 258470
     *mchan@greenhall.com*
4  1851 East First Street, 10th Floor
   Santa Ana, California 92705-4052
5  Telephone: (714) 918-7000
6  Facsimile: (714) 918-6996

7  Attorneys for Defendant NATIONSTAR MORTGAGE, LLC

8

9  **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  KEN MACKENSEN,<br><br>13  Plaintiff,<br><br>14<br><br>15  vs.<br><br>16<br><br>17  NATIONSTAR MORTGAGE, LLC; and<br>Does 1 through 50, inclusive,<br><br>18<br><br>19  Defendants.<br><br>20<br><br>21 | CASE NO. 3:14-cv-02812-JSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT NATIONSTAR MORTGAGE LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:      August 7, 2014<br>TIME:      9:00 a.m.<br>CRTRM.:    F<br><br>JUDGE:     Hon. Jacqueline S. Corley<br>TRIAL DATE:   None Set |

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

24  **PLEASE TAKE NOTICE** that on August 7, 2014 at 9:00 a.m., or as soon

25  thereafter as the matter may be heard in the above-entitled case, Defendant

26  NATIONSTAR MORTGAGE LLC ("Nationstar") will bring for hearing before the

27  Honorable Jacqueline Scott Corley, United States Magistrate Judge, in Courtroom F of the

28  United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California

*(left margin, vertical)* GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

1  94102, a Motion to Dismiss the Complaint filed by Plaintiff KEN MACKENSEN

2  ("Plaintiff"). Nationstar moves the Court to dismiss Plaintiff's claims pursuant to Rule

3  12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to

4  state a claim against Nationstar upon which relief may be granted.

5        By this Motion, Nationstar respectfully requests that the Court issue an Order:

6        1.      Dismissing Plaintiff's First Cause of Action for Violation of Civil Code

7  section 2923.6 against Nationstar because Plaintiff has failed to state a claim upon which

8  relief may be granted.

9        2.      Dismissing Plaintiff's Second Cause of Action for Violation of Civil Code

10  section 2923.7 against Nationstar because Plaintiff has failed to state a claim upon which

11  relief may be granted.

12        3.      Dismissing Plaintiff's Third Cause of Action for Conversion against

13  Nationstar because Plaintiff has failed to state a claim upon which relief may be granted.

14        This Motion is based on the Memorandum of Points and Authorities, the pleadings,

15  papers and records on file in this action, and such oral argument as may be presented at the

16  time of the hearing.

17  DATED: June 25, 2014          GREEN & HALL, A Professional Corporation

18

19

20  By: _____
                  Howard D. Hall

21                Macey A. Chan
                  Attorneys for Defendant NATIONSTAR

22                MORTGAGE LLC

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1

## **TABLE OF CONTENTS**

2                                                                                    **Page**

3    I.     INTRODUCTION........................................................................................................1

4    II.    STATEMENT OF FACTS ..........................................................................................1

5    III.   DISCUSSION .............................................................................................................2

6           A.    Applicable Legal Standard...............................................................................2

7           B.    Dismissal of All Claims Asserted Against Nationstar is Warranted
                  Under Rule 12(b)(6).........................................................................................3
8

9           C.    Plaintiff's First Cause of Action for Violation of Civil Code Section
                  2923.6 and Second Cause of Action for Violation of Civil Code
                  Section 2923.7 Fail to State a Claim Against Nationstar ................................3
10

11                1.     Plaintiff fails to allege that the loan is a first lien mortgage.................4

12                2.     Plaintiff Was Previously Granted a Loan Modification and
                         Nationstar Was Not Obligated to Evaluate Plaintiff *Again* for a
13                       Loan Modification .................................................................................4

14                3.     Plaintiff Fails to State a Claim for Violation of Civil Code
                         Section 2923.7.......................................................................................6
15

16                4.     Plaintiff is Not Entitled to Recover Any Damages Under
                         HBOR .....................................................................................................8

17          D.    Plaintiff's Third Cause of Action Fails............................................................8

18   IV.    CONCLUSION ...........................................................................................................9

19

20

21

22

23

24

25

26

27

28

Case No. 3:14-cv-02812-JSC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1

## TABLE OF AUTHORITIES

2                                                                                               **Page**

3

### CASES

4

*Boring v. Nationstar Mortgage, LLC* 2014 WL 66776 (E.D. Cal. Jan. 7, 2014)..................7

*Emick v. JPMorgan Chase Bank*
    2013 WL 3804039 (E.D. Cal. July 19, 2013) ........................................................7

*Montoya v. Countrywide Bank, F.S.B.*, C09-00641JW, 2009 WL 1813973 *8 (N.D.
    Cal. June 25, 2009)............................................................................................8

*Rockridge Trust v. Wells Fargo, N.A.*, 2014 WL 688124, Slip Op. at *23 (N.D. Cal,
    Feb. 2014) ..........................................................................................................7

*Saber v JPMorgan Chase Bank, N.A.*, SACV 13-00812-DOC, 2014 WL 255700
    (C.D. Cal. Jan. 23, 2014)...................................................................................5

5
6
7
8
9
10
11
12

### FEDERAL CASES

13

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ...........................................3

*Associated Gen. Contractors of Calif., Inc.* v. *Calif. State Council of Carpenters*,
    459 U.S. 519, 526 (1983) ..................................................................................3

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ....................3

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955
    (2007) .................................................................................................................3

14
15
16
17
18
19

### STATE CASES

20

*Messerall v. Fulwinder*, 199 Cal.App.3d.1324, 1329 (1988) ....................................8

21
22

### STATUTES

23

*Civil Code* § 2923.7(b)..............................................................................................7

Civil Code § 2920.5(d)................................................................................................4

*Civil Code* § 2923.6...................................................................................................5

*Civil Code* § 2923.6(d)..............................................................................................5

*Civil Code* § 2923.6(e)..............................................................................................5

24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1

*Civil Code* § 2923.6(g) ..................................................................................................5

2
*Civil Code* § 2923.7 ....................................................................................................6, 7

3
*Civil Code* § 2923.7(e) ...................................................................................................6

4
*Civil Code* § 2924.12(b) ................................................................................................8

5
Civil Code § 2924.15 (a) .................................................................................................4

6

7
**<u>FEDERAL STATUTES</u>**

8
Federal Rules of Civil Procedure § 8(a)(2) ......................................................................2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:14-cv-02812-JSC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     INTRODUCTION**

3         The Complaint of Ken Mackensen ("Plaintiff") fails to allege sufficient facts to

4  constitute a cause of action against Defendant Nationstar Mortgage, LLC ("Nationstar")

5  for violation of the California Homeowner Bill of Rights ("HBOR").  In fact, the

6  allegations of Plaintiff's Complaint establish that no such violation occurred.  While

7  Plaintiff claims in his first cause of action that Nationstar committed a violation of

8  HBOR's prohibition on dual-tracking by recording a Notice of Trustee's Sale on November

9  15, 2015, the allegations of his Complaint establish that Civil Code section 2923.6 is not

10 applicable to the subject loan since the loan was already modified and is not a first lien

11 mortgage.

12        Moreover, while Plaintiff claims that Nationstar violated HBOR's single point of

13 contact requirements, there is not a single allegation establishing that he suffered actual

14 economic damages as a result of Nationstar's alleged violation.  Instead, his own

15 allegations show that he was offered a second loan modification and even submitted the

16 first payment to Nationstar.  Ultimately, Plaintiff cannot state any actionable claim under

17 HBOR.

18        Lastly, Plaintiff's third cause of action for conversion is subject to dismissal because

19 Plaintiff fails to allege facts that make it remotely plausible that Nationstar exercised

20 control over Plaintiff's personal property in a manner inconsistent with Plaintiff's right at

21 that time.  Plaintiff's conversion claim is also premised on fraud but Plaintiff has not

22 alleged any cause of action sounding in fraud.

23        Accordingly and as discussed further, below, the Court should grant Nationstar's

24 Motion to Dismiss.

25 **II.    STATEMENT OF FACTS**

26        Plaintiff alleges that he owns the real property located at 92 Santa Maria Drive,

27 Novato, California 94947 (the "Subject Property").  *See* Complaint, ¶ 3.  On or around

28 February 24, 2006, Plaintiff obtained a refinance loan in the amount of $662,000.00,

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  secured by a deed of trust recorded against the Subject Property. *Id.* at ¶ 8. Next, Plaintiff

2  alleges that GMAC Mortgage LLC ("GMAC") became the beneficiary under the deed of

3  trust. *Id.* In December 2009, "Plaintiff and GMAC entered into a Modification Agreement

4  whereby Plaintiff and GMAC agreed that Plaintiff's total principal balance would now be

5  $64,506.52, with $70,439.01 deferred until the end of the loan as a balloon payment[.]" *Id.*

6       After Plaintiff obtained a loan modification in December 2009, Plaintiff began

7  seeking another loan modification in July 2012. *Id.* at ¶ 9. Nationstar is alleged to be the

8  current servicer of Plaintiff's loan. *Id.* Plaintiff alleges that in March 2013, he received a

9  correspondence "from Nationstar indicating that Plaintiff had received a loan

10  modification" and that the loan's "principal balance would be increased to $741,977.84."

11  *Id.* at ¶ 11. Next, Plaintiff alleges that he accepted the purported loan modification and

12  "faxed Nationstar a copy of the signed and notarized agreement, as well as a copy of a

13  check in the amount of $5,862.00 which represented the first payment due under the

14  modification." *Id.* at ¶ 12. Thereafter, Plaintiff alleges that he was "never able to speak

15  with an individual who could tell him the total principal balance required of him under the

16  loan modification agreement." *Id.* Plaintiff, however, does not allege any other facts

17  regarding the purported second loan modification or attach Nationstar's alleged

18  correspondence to the Complaint. Also, Plaintiff does not allege making any further

19  payments under the purported loan modification agreement with Nationstar.

20       Now, Plaintiff sues and alleges three causes of action in connection with his second

21  loan modification regarding the subject loan. Plaintiff seeks relief under California's

22  Homeowner Bill of Rights ("HBOR"). Plaintiff's claims, however, fail because Plaintiff

23  does not allege that HBOR is applicable to the subject loan.

24  **III.  DISCUSSION**

25       **A.  Applicable Legal Standard**

26       The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which

27  requires that a pleading contain "a short and plain statement of the claim showing that the

28  pleader is entitled to relief[.] . . ." The United States Supreme Court, in *Bell Atlantic*

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 *Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-examined this

2 standard in the context of an antitrust case. The Court held that plaintiffs could not satisfy

3 Rule 8(a)(2) with mere conclusory statements; rather, plaintiffs must include sufficient

4 factual allegations to make a claim at least plausible, as opposed to merely possible. Thus,

5 under Rule 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal

6 theory" or where there is a "legally cognizable" right but the plaintiff fails to allege

7 sufficient facts to support the claim. *Twombly*, 550 U.S. at 555-56; *see also Balistreri v.*

8 *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

9 More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the

10 Supreme Court reiterated that the pleading standards articulated in *Twombly* apply to all

11 civil actions. Clearly, if plaintiffs "have not nudged their claims across the line from

12 conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

13 When the foregoing authorities are applied to Plaintiff's Complaint, it becomes clear

14 that the Complaint should be dismissed, with prejudice, as to Nationstar.

15 **B.    Dismissal of All Claims Asserted Against Nationstar is Warranted**

16 **Under Rule 12(b)(6)**

17 In the Complaint, Plaintiff fails to make any substantive allegations of wrongdoing

18 by Nationstar. The Complaint fails to offer even a formulaic recitation as to any alleged

19 wrongdoing by Nationstar. It is not appropriate for a court to assume that a plaintiff "can

20 prove facts which [plaintiff] has not alleged or that the defendants have violated the …

21 laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc.* v.

22 *Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

23 Because the Complaint utterly fails to allege how Nationstar violated any of the

24 laws identified in the Complaint, Plaintiff's claims against Nationstar should be dismissed.

25 **C.    Plaintiff's First Cause of Action for Violation of Civil Code Section**

26 **2923.6 and Second Cause of Action for Violation of Civil Code Section**

27 **2923.7 Fail to State a Claim Against Nationstar**

28 Plaintiff's first and second causes of action allege violations of California's HBOR.

1  Specifically, Plaintiff alleges that Nationstar recorded a Notice of Trustee's Sale prior to

2  making a determination of Plaintiff's loan modification appeals. *See* Complaint, ¶ 23.

3  Plaintiff also alleges that his single point of contact ("SPOC") did not perform its duties

4  under Civil Code section 2923.7. *Id*. at ¶¶ 28-29. Plaintiff's claims fail because HBOR

5  does not apply to Plaintiffs' loan and Nationstar was not obligated to review him for a

6  second loan modification.

### 1.  Plaintiff fails to allege that the loan is a first lien mortgage

8  Civil Code Section 2924.15 (a) states that Sections 2923.55, 2923.6 and 2923.7

9  "shall apply only to first lien mortgages or deeds of trust that are secured by owner-

10 occupied residential real property containing no more than four dwelling units." A first

11 lien mortgage or deed of trust is defined as the "most senior mortgage or deed of trust on

12 the property that is subject of the notice of default or notice of sale." *Civ. Code* §

13 2920.5(d).

14 Here, Plaintiff fails to allege that the subject loan and deed of trust is a first lien

15 mortgage or deed of trust as required under Section 2924.15(a). Nowhere in the Complaint

16 does Plaintiff allege that the subject loan and deed of trust at issue is the most senior debt

17 and security with respect to the Subject Property, or that the loan and deed of trust at issue

18 are secured by real property containing no more than four dwelling units. Moreover,

19 Plaintiff fails to allege that the Subject Property was his *principal* residence. Instead,

20 Plaintiff alleges that he "was the owner of the Property and resided therein." *See*

21 Complaint, ¶ 22. There remains the possibility that Plaintiff owns more than one piece of

22 real property and resides at various locations throughout the year. Accordingly,

23 Nationstar's Motion should be granted as to the first and second cause of action on this

24 basis alone.

### 2.  Plaintiff Was Previously Granted a Loan Modification and Nationstar Was Not Obligated to Evaluate Plaintiff *Again* for a Loan Modification

28 Under subdivision (c) of section 2923.6, a loan servicer is prohibited from

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   advancing foreclosure proceedings against a borrower's primary residence after the

2   borrower has submitted a "complete" loan modification application.  A borrower may

3   appeal the loan servicer's loan modification denial and the borrower "shall have at least 30

4   days from the date of the written denial to appeal the denial[.]"  *Civ. Code* § 2923.6(d).  If

5   the borrower's loan modification application is denied, a notice of default or notice of

6   trustee's sale may not be recorded or a trustee's sale may not be conducted until the later of

7   thirty one days after the borrower is notified of the written denial or if there is an appeal,

8   the later of 15 days after the denial of the appeal or 14 days after a modification is offered

9   after appeal but declined by the borrower.  *Civ. Code* § 2923.6(e).

10          Here, Plaintiff alleges that a Notice of Trustee's Sale was recorded prior to the

11   issuance of a denial of his appeal.  Interestingly, Plaintiff attaches neither the subject

12   Notice of Trustee's Sale nor his purported appeal letters as exhibits to the Complaint.

13   Regardless, Plaintiff's claim fails because Nationstar was not obligated to review Plaintiff

14   for another loan modification and *Civil Code* section 2923.6 does not apply.

15          Under Civil Code section 2923.6, "a mortgage servicer shall not be obligated to

16   evaluate applications for first lien mortgages from borrowers who have already been

17   evaluated or given a fair chance to be evaluated for such relief before January

18   2013…unless there has been a material change in the borrower's financial

19   circumstances[.]"  *Civ. Code* § 2923.6(g); *see also, Saber v JPMorgan Chase Bank, N.A.,*

20   SACV 13-00812-DOC, 2014 WL 255700 (C.D. Cal. Jan. 23, 2014)

21          Here, Plaintiff alleges that he already successfully obtained a loan modification

22   before January 1, 2013.  *See* Complaint, ¶ 8.  Thus, the protections of Civil Code section

23   2923.6 are not available to Plaintiff unless there has been a material change in his financial

24   circumstances that have been documented and submitted to Nationstar.  Here, Plaintiff has

25   not alleged that there was a material change in his financial circumstances since his prior

26   loan modification approval that would provide for an additional evaluation under HBOR.

27   Civil Code section 2923.6(g) was enacted to minimize the risk of borrowers submitting

28   multiple applications for the purpose of delay.  Here, Plaintiff already received the benefits

5                                    Case No. 3:14-cv-02812-JSC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 and protections of HBOR during his first loan modification review. A subsequent loan

2 modification review does not automatically bring the loan modification application under

3 the purview of HBOR and Civil Code section 2923.6. Thus, Plaintiff's first cause of action

4 fails and Nationstar's Motion should be granted.

3. **Plaintiff Fails to State a Claim for Violation of Civil Code Section**

6 **2923.7**

7 Plaintiff alleges that he requested a "single point of contact to aid him in the

8 modification process." *See* Complaint, ¶ 10. Also, Plaintiff alleges that "each and every

9 single point of contact failed to adequately perform their duties." *Id*. at ¶29. Specifically,

10 Plaintiff alleges that Nationstar "violated this statute when it purported to assign Plaintiff

11 several different points of contact while Plaintiff had an open loan modification application

12 pending." *Id*. Plaintiff, however, does not allege any resulting economic harm from the

13 alleged violation and the mere fact that a borrower communicated with more than one

14 person employed by a loan servicer does not constitute a violation of *Civil Code* section

15 2923.7.

16 Civil Code section 2923.7 states that upon request from a borrower, a mortgage

17 servicer will promptly establish a single point of contact. Civil Code section 2923.7(e)

18 defines a "single point of contact as an individual or team of personnel, each of whom has

19 the ability and authority to perform the responsibilities stated in subdivisions (b) to (d)."

20 First, as discussed above in Section III.C.1., Section 2923.7 does not apply because

21 the subject loan is not a first lien mortgage secured by real property containing no more

22 than four dwelling units. Next, the fact that Plaintiff spoke to more than one person about

23 his loan modification application is not evidence of a violation of the single-point-of-

24 contact rule. Indeed, the undeniable fact is that Plaintiff was assigned a single point of

25 contact (Complaint, ¶ 10, ¶13), offered a loan modification (Complaint, ¶ 11), signed and

26 returned the loan modification (Complaint, ¶ 12), and only made one payment under the

27 purported loan modification with Nationstar (Complaint, ¶ 12).

28 Further, Plaintiff's own admission that he submitted a loan modification application,

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
P:\DOCS\Nationstar.Mackensen\Pleadings\Mtn.Dismiss.Complaint.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 | was offered a loan modification application, signed and returned the loan modification, and

2 | submitted a payment belie his claims that Nationstar's SPOC failed to communicate with

3 | his as required under Section 2923.7. The recent California District Court decision in

4 | *Boring v. Nationstar Mortgage, LLC* is instructive and analogous to the instant action.

5 | 2014 WL 66776 (E.D. Cal. Jan. 7, 2014). In *Boring*, the plaintiff alleged that Nationstar

6 | violated Section 2923.7(b) because the "assigned SPOC's failed to communicate with him

7 | and 'refused to answer Plaintiff's telephone calls....'" *Id.* at *4. The court in *Boring*

8 | disagreed, noting that Section 2923.7 (b)(1) merely provides that a servicer shall

9 | "[c]ommunicat[e] *the process by which a borrower may apply* for an available foreclosure

10 | prevention alternative and *the deadline for any required submissions* to be considered for

11 | these options." *Id.* The Court determined that plaintiff had failed to state a claim for

12 | failure to communicate under Section 2923.7 "[s]ince [p]laintiff allege[d] he had

13 | completed his loan modification application *before any assigned SPOC failed to*

14 | *communicate with him.*" *Id.* (emphasis added).

15 |       Likewise, here, Plaintiff admits that *he already submitted a loan modification*

16 | *application to Nationstar* and *submitted the first loan modification payment to*

17 | *Nationstar* prior to any alleged failed communication by the assigned SPOC. *See*

18 | Complaint, ¶ 10-12. As such, Plaintiff was well-aware of and took advantage of the

19 | process to apply for foreclosure alternatives. Accordingly, Plaintiff's own admissions belie

20 | his claim under Section 2923.7.

21 |       Lastly, Plaintiff does not (and cannot) explain how Nationstar's alleged statutory

22 | violation caused him any material or economic harm. To the contrary, Plaintiff admits that

23 | he received a loan modification from Nationstar and returned the loan modification to

24 | Nationstar. *See* Complaint, ¶¶ 11-12. *Emick v. JPMorgan Chase Bank*, 2013 WL

25 | 3804039 *4 (E.D. Cal. July 19, 2013) ("Plaintiff's allegation that there was no point of

26 | contact for a loan modification is partially contradicted by her allegation in her opposition

27 | that she was offered a trial modification."); *see also, Rockridge Trust v. Wells Fargo, N.A.,*

28 | 2014 WL 688124, Slip Op. at *23 (N.D. Cal, Feb. 2014) (rejecting plaintiffs' contention

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  that servicer violated SPOC provision because Plaintiffs have not pled any economic

2  damages resulting from this violation.). Indeed, Plaintiff offers no facts that show he lost

3  out on any foreclosure alternatives or otherwise incurred any economic damage arising

4  from the alleged violation.

5        In sum, Plaintiff's claim is unsupported by the statute and Plaintiff fails to state a

6  claim for relief under Section 2923.7.

7            **4.    Plaintiff is Not Entitled to Recover Any Damages Under HBOR**

8        Plaintiff also fails to demonstrate that he is entitled to any recovery under the

9  provisions of HBOR. In particular, Plaintiff cannot recover "treble damages or up to

10  $50,000" because actual damages are only recoverable *"(a)fter a trustee's deed upon sale*

11  *has been recorded."* *Civil Code* § 2924.12(b) (emphasis added). Here, a trustee's deed

12  upon sale has not and could not have been recorded, because, as Plaintiff contends, a non-

13  judicial foreclosure sale has not taken place yet. *See* Complaint, ¶ 24, ¶ 32. Plaintiff has

14  not alleged that he has suffered any damages caused by the alleged HBOR violations. In

15  fact, Plaintiff is still in possession of the Subject Property and has not made a payment on

16  the loan since at least April of 2013—over one year ago. *See* Complaint, ¶ 12.

17        Plaintiff, as such, has not properly pled any facts entitling them to damages under

18  HBOR. Naturally, where there are no damages, there is no cause of action. Therefore,

19  Plaintiff has no basis for recovery of damages under HBOR.

20      **D.    Plaintiff's Third Cause of Action Fails**

21        Plaintiff's third cause of action for conversion is based on an allegation of allegation

22  of fraud. Plaintiff alleges that "Defendant fraudulently induced Plaintiff to pay $200.00

23  via check as an appraisal deposit." *See* Complaint, ¶ 36. Plaintiff's claim fails.

24        "Conversion is any act of dominion wrongfully exerted over another's personal

25  property in denial of or inconsistent with his rights therein[.]" *Montoya v. Countrywide*

26  *Bank, F.S.B.*, C09-00641JW, 2009 WL 1813973 *8 (N.D. Cal. June 25, 2009) (citing

27  *Messerall v. Fulwinder*, 199 Cal.App.3d.1324, 1329 (1988). The basis elements for a

28  claim of conversion are as follows: "(1) the plaintiff's ownership or right to possession of

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 | personal property; (2) the defendant's disposition of the property in manner that is

2 | inconsistent with the plaintiff's property rights; and (3) resulting damages." *Id.*

3 |      Here, Plaintiff's conversion claim fails to allege facts that Nationstar exercised

4 | control over the $200 that was inconsistent with Plaintiff's right at the time. Plaintiff's

5 | claim is based on the allegation that he was "fraudulently induced" to pay $200 as an

6 | appraisal deposit but Plaintiff has not alleged any causes of action grounded in fraud. *See*

7 | Complaint, ¶ 36. Plaintiff's other claims are solely premised on statutory violations.

8 | Plaintiff does not allege any facts as to how Nationstar purportedly converted the funds for

9 | its own use and benefit. Instead, Plaintiff's allegations simply track the elements of a claim

10 | for conversion.

11 |      Moreover, Plaintiff has not alleged any damage resulting from the alleged

12 | conversion. Plaintiff claims to have lost $200 but fails to acknowledge and consider that

13 | he still remains in possession of the Subject Property and has not made any sort of loan

14 | payment or tax payment since April of 2013. Plaintiff does not allege that he continued to

15 | make payments after April of 2013. *See* Complaint, ¶ 12. Clearly, Plaintiff has benefitted

16 | and has dodged his obligations under the subject loan and deed of trust. Nationstar's

17 | Motion to Dismiss should be granted.

## IV. CONCLUSION

19 |      For the reasons set forth herein, Nationstar respectfully requests that the Court

20 | dismiss Plaintiff's Complaint in its entirety, with prejudice.

21 | DATED: June 25, 2014           GREEN & HALL, A Professional Corporation

By: _____

Howard D. Hall
Macey A. Chan
Attorneys for Defendant NATIONSTAR
MORTGAGE, LLC

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION