Matthew D. Mellen (Bar No. 233350)
Sarah Adelaars (Bar No. 281748)
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Telephone: (650) 638-0120
Facsimile: (650) 638-0125

Attorney for Plaintiff,
KEN MACKENSEN

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

KEN MACKENSEN,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC; and Does 1 through 50, inclusive,

Defendants.

Case No.: 3:14-cv-02812-JSC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: September 4, 2014
Time: 9:00 a.m.
Ctrm: F

Judge: Hon. Jacqueline S. Corley
Trial Date: Not Set

**TABLE OF CONTENTS**


I. INTRODUCTION……………………………………………………………….1

II. STATEMENT OF FACTS……………………………………………………….1

III. LEGAL ARGUMENT…………………………………………………………….4

A. Legal Standard……………………………………………………………….4

B. Plaintiff's Cause of Action for Violation of Cal. Civil Code § 2923.6 is Sufficiently Plead…………………………………………………………..5

1. Plaintiff Has Met the Pleading Requirements Prescribed by the FRCP…5

2. Defendant Was Required to Refrain From Filing the Notice of Trustee's Sale Until After it Made a Determination on Plaintiff's Appeals……………………………………………………………6

a. Defendant Was Obligated to Follow the HBOR in Reviewing Plaintiff's Loan Modification Application……………6

b. Plaintiff Submitted a Complete Loan Modification Application…………………………………………………..6

C. Plaintiff's Cause of Action for Violation of Cal. Civil Code § 2923.7 is Sufficiently Plead…………………………………………………………….8

1. Defendant's Arguments Clearly Misstate Plaintiff's Allegations in their Entirety……………………………………………………………8

2. Defendant Was Not Assigned a Single Point of Contact as Defined by the Statute…………………………………………………………9

3. But For Defendant's Single Point of Contact Violations, Plaintiff Would Have Accepted a Modification and Been Current on His Loan – Avoiding Litigation………………………………………….10

4. Plaintiff's Purported SPOC'S Were Unable to Give Plaintiff Any Information Regarding Their Application……………………..……10

5. Plaintiff Has Suffered Direct Harm Resulting From Defendant's Statutory Failures………………………………………………………11

D. Plaintiff is Not Seeking Damages, Only Attorneys' Fees and Injunctive Relief…12

IV. CONCLUSION…………………………………………..…………………………12

# TABLE OF AUTHORITIES

## Cases

Ashcroft v. Iqbal,
129 S.Ct. 1937, 1949 (2009)……………………………………………………………..4

Balistreri v. Pacific Police Department,
901 F.2d 696, 699 (9th Cir. 1990)……………………………………………………..4

Bell Atlantic Corp. v. Twombly,
(2007) 550 US 544, 555………………………………………………………………..4, 6

Boring v. Nationstar Mortgage, LLC,
(ED Cal. Jan 7, 2014) 2014 WL 66776 at *4……………………………………….…..10

Chang v. Chen,
80 F.3d 1293, 1296 (9th Cir.1996)……………………………………………………..4

Conley v. Gibson,
355 U.S. 41, 47 (1957)…………………………………………………..……….4

Foman v. Davis,
371 U.S. 178, 182 (1962)……………………………………………………...………4
.
Pareto v. F.D.I.C.,
139 F.3d 696, 699 (9th Cir. 1998)……………………………………………………..4

Schneider v. California DOC,
151 F.3d 1194, 1196 (9th Cir. 1998)…………………………………………….....…5

Sprewell v. Golden State Warriors,
266 F.3d 979, 988 (9th Cir. 2001)……………………………………………………..4

## Statutes

Fed. R. Civ. P. 12(b)(6)………………………………………………………..…..Generally

Cal. Civ. Code § 2920.5……………………………………………………...…10

Cal. Civ. Code § 2923.6…………………………………………………………..5-8

Cal. Civ. Code § 2923.7……………………………………………………………….8-12

Cal. Civ. Code § 2924.12……………………………………………………………….12

## INTRODUCTION

In or around March 2013, Plaintiff was offered a permanent loan modification that was vague concerning the principal balance of the loan. Upon receiving the purported modification, Plaintiff repeatedly contacted NATIONSTAR, and left numerous messages for a call-back to his supposed "single point of contact," in attempts to clarify the terms of the purported loan modification. Despite his repeated attempts, Plaintiff was never able to speak with anyone at NATIONSTAR to clarify the amount of principal balance under the offered modification agreement. Thereafter, Plaintiff continued to submit loan modification documents to NATIONSTAR, however, NATIONSTAR eventually denied Plaintiff's application as a pretext in order to foreclose against Plaintiff, patently in bad faith. Plaintiff appealed the denials and even submitted a payment in the amount of $200.00 in support of a modification. However, before NATIONSTAR gave Plaintiff a final determination on his appeals, NATIONSTAR recorded a Notice of Trustee's Sale against Plaintiff's Property.

Defendant now moves to dismiss Plaintiff's First Amended Complaint, in its entirety, by misstating the law and misconstruing the allegations contained in Plaintiff's First Amended Complaint. For instance, Defendant wholly ignores the fact that Plaintiff attempted, repeatedly, to rectify this situation with Defendant prior to filing suit, however, Defendant entirely failed to respond to a single one of Plaintiff's inquires. For these reasons, and the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. Alternatively, should the Court deem any of Plaintiff's allegations insufficient, Plaintiff respectfully requests leave to amend.

## I. STATEMENT OF FACTS

Plaintiff purchased the Property in or around July 2002. On or around February 24, 2006, Plaintiff refinanced the Property by executing a Deed of Trust and Promissory Note, a first lien mortgage, in favor of GreenPoint Mortgage Funding, Inc. ("GreenPoint") with a principal balance of $662,000.00. FAC at ¶ 8. In December 2009, Plaintiff and the current beneficiary, GMAC, entered in a Modification Agreement whereby Plaintiff and GMAC agreed that Plaintiff's total

principal balance would now be $642,506.52, with $70,439.01 deferred until the end of the loan as a balloon payment upon maturity of the loan. FAC at ¶ 8.

In or around July 2012, Defendant NATIONSTAR became the beneficiary and the servicer under Plaintiff's Deed of Trust and Promissory Note. FAC at ¶ 10. Thereafter, Plaintiff began working with NATIONSTAR to obtain a loan modification on his property. FAC at ¶ 10. On March 4, 2013, Plaintiff grew frustrated with the process, and, therefore he demanded, in writing, that NATIONSTAR provide him with a single-point of contact to aid him in the modification process. FAC at ¶ 11. NATIONSTAR indicated that it was appointing an individual named Anthony Johnson to serve as Plaintiff's single point of contact, however, despite Plaintiff's repeated attempts to contact Mr. Johnson, Plaintiff was never able to speak with Mr. Johnson. FAC at ¶ 11.

On or around March 27, 2013, Plaintiff received a letter from NATIONSTAR indicating that Plaintiff had received a loan modification and that, to accept the modification, Plaintiff would need to send, via Fed-Ex, one (1) original, notarized copy of the permanent modification by April 29, 2013. FAC at ¶ 12. The loan modification indicated that Plaintiff's principal balance would be increased to $741,977.84, however Plaintiff was unsure whether this new principal balance accounted for the $70,439.01 balloon payment that was a part of the 2009 modification, or whether, if he accepted this modification with the increased principal balance, he would still owe $70,439.01 at the end of the loan. FAC at ¶ 12. That difference of $70,439.01 would materially change the total amount of Plaintiff's loan to over $811,000. FAC at ¶ 12. Therefore, beginning on April 4, 2013, Plaintiff attempted to contact his supposed single-point of contact Mr. Johnson via telephone and in writing to inquire about the terms of the modification, however, neither Mr. Johnson nor anyone else from NATIONSTAR ever returned Plaintiff's calls or in any way acknowledged Plaintiff's repeated attempts to contact NATIONSTAR. FAC at ¶ 12.

Therefore, not having received a response to his efforts to ascertain the total indebtedness to NATIONSTAR, on April 29, 2013, the date by which Plaintiff had to accept the modification agreement, Plaintiff faxed NATIONSTAR a copy of the signed and notarized agreement, along with a letter indicating that he would like to accept the modification and would send the originals

once NATIONSTAR responded to his questions about the principal balance. FAC at ¶ 13. Plaintiff also faxed a copy of a check in the amount of $5,862.00 which represented the first payment amount due under the modification to signal his intent to make payments on the loan as soon as he received the clarification sought. FAC at ¶ 13. Thereafter, Plaintiff continued to attempt to speak with any NATIONSTAR employee, including, but not limited to, Anthony Johnson, to obtain a response to his questions regarding the terms of the modification, specifically, the principal balance thereunder. FAC at ¶ 13. However, despite Plaintiff's repeated attempts to contact NATIONSTAR between April 2014 and August 2014, in writing and via telephone, Plaintiff was never able to speak with an individual who could tell him the total principal balance required of him under the loan modification agreement. FAC at ¶ 13. Further, on or around May 24, 2013, Plaintiff received a letter from NATIONSTAR indicating that its representative, Duane Fenton, would be Plaintiff's new single-point of contact, however, Plaintiff was never able to contact Mr. Fenton either, despite his repeated attempts to contact him. FAC at ¶ 14.

Between April and September 2013, NATIONSTAR continued to request that Plaintiff send in documents in support of his loan modification application, which NATIONSTAR indicated, in writing, was still under review. FAC at ¶ 15. Therefore, Plaintiff continued to submit all required documents requested by NATIONSTAR and continued his attempts to reach his single-point of contact to determine the status of his application, to no avail. FAC at ¶ 15. On September 5, 2013, NATIONSTAR sent Plaintiff a letter stating that he was not qualified for a HAMP modification because the "proposed monthly payment…was either less than 10% OR greater than 55% of [Plaintiff's] monthly gross income." FAC at ¶ 16. The letter also indicated that Plaintiff had 30 days to appeal the HAMP denial. FAC at ¶ 16. Therefore, on October 4, 2013, Plaintiff appealed the HAMP denial by providing information regarding his monthly gross income. FAC at ¶ 16. On September 19, 2013, NATIONSTAR sent Plaintiff a letter, signed by "Loss Mitigation," located at 350 Highland Drive, Lewisville, Texas 75067 and prepared by Duane Fenton, Plaintiff's supposed single point of contact which stated that Plaintiff was not qualified for a NATIONSTAR in-house loan modification because the "net present value" was

negative. FAC at ¶ 17. The letter also stated that Plaintiff had 30 days from the letter to appeal the in-house loan modification denial. FAC at ¶ 17. Accordingly, on October 18, 2013, Plaintiff sent NATIONSTAR a written appeal of the in-house denial, together with his check in the amount of $200.00. FAC at ¶ 17.

Before NATIONSTAR made a final determination on either of the two appeals submitted by Plaintiff, NATIONSTAR caused to be recorded a Notice of Trustee's Sale against Plaintiff's Property on November 15, 2013. FAC at ¶ 18.

## II. LEGAL ARGUMENT

### A. Legal Standard

The courts have long held a strong policy in favor of determining disputes on the basis of their merits and not on technicalities of pleading rules. Foman v. Davis, 371 U.S. 178, 182 (1962). As such, dismissal is reserved for such cases where it is clear that a cause of action cannot be saved by any amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996). In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, a plaintiff need only plead facts sufficient to "state a claim for relief that is plausible on its fact." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory. Balistreri v. Pacific Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only contain "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. at 563 (2007)). For these reasons, dismissal without leave to amend is

improper unless it is clear that a complaint could not be saved by any amendment. Schneider v. California DOC, 151 F.3d 1194, 1196 (9th Cir. 1998).

In this case, Plaintiff pleaded sufficient facts to allege the nature and extent of the wrongful conduct committed by Defendants. These factual allegations are thereafter incorporated by reference into each applicable Cause of Action. Each Cause of Action identifies its particular elements and the allegations made against Defendants. As such, Plaintiff has sufficiently pleaded allegations to place Defendants on notice of the claims against them and the grounds upon which those claims rest. Because of this, the motion to dismiss should be denied or, alternatively, Plaintiff should be granted leave to amend.

**B. Plaintiff's Cause of Action for Violation of Cal. Civil Code § 2923.6 is Sufficiently Plead.**

In the case at hand, Plaintiff alleges that Defendant violated Cal. Civ. Code § 2923.6(e)(2) of the California Civil Code which provides that, following the denial of a borrower's loan modification application, "the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale…until…"[i]f the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal…" Specifically, Plaintiff pleaded that he submitted an appeal to the denial of a HAMP modification application on September 5, 2013 and submitted an appeal of an in-house modification denial on October 18, 2013. FAC at ¶ 16-17; 24. Further, Plaintiff pleaded that on November 15, 2013, before Defendant made a determination of either of Plaintiff's appeals, Defendant caused a Notice of Trustee's Sale to be recorded against the Property, a clear violation of the Civil Code. FAC at ¶ 18. Defendant erroneously argues that Plaintiff has failed to plead his violations for a number of reasons, all of which necessarily fail.

**1. Plaintiff Has Met the Pleading Requirements Prescribed by the FRCP.**

First, Defendant argues that Plaintiff has failed to plead that the property contains less than four dwelling units. MTD at p. 4, ln. 14-15. First, the judicially noticeable documents show that the Property is a single-family residence. RJN, Exhibit 1 (the name of the form Deed of Trust is "California Deed of Trust – Single Family…"). Further, as the beneficiary and servicer

of Plaintiff's loan, Defendant is well aware that this property is a single family residence, not a multiple unit dwelling. Therefore, Defendant's argument should be disregarded. However, if the Court finds it necessary, Plaintiff can easily amend his First Amended Complaint to state that the property is a single-family residence, with only one dwelling unit.

Next, Defendant argues that it was not required to abide by the Homeowner's Bill of Rights. MTD at p. 4, ln. 18-20. In support of its argument, Defendant first states that Plaintiff has not attached supporting evidence to his First Amended Complaint. MTD at p. 5, ln. 8-13. In making this argument, Defendant points to no case law requiring that a Plaintiff attach all of his/her evidence to a complaint, presumably, because no such case law exists. Instead, Plaintiff is only required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Proc. 8(a)(2). A complaint is sufficient if it gives the defendant "fair notice of what the…claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, (2007) 550 US 544, 555. There is absolutely no requirement that Plaintiff attach its supporting evidence to his Complaint, as Defendant seems to suggest. Therefore, as Plaintiff has pleaded sufficient facts to give rise to his claim for violation of Cal. Civ. Code § 2923.6, specifically the dates and manner in which he submitted the appeals, the lack of a response regarding the appeals, and the date that the Notice of Trustee's Sale was recorded, Defendant's argument must necessarily fail.

**2. Defendant Was Required to Refrain From Filing the Notice of Trustee's Sale Until After it Made a Determination on Plaintiff's Appeals.**

The remainder of Defendant's arguments to Plaintiff's cause of action are nothing more than misstatements of the law and fact. Therefore, Defendant's arguments should be disregarded and the Motion to Dismiss overruled.

**a. Defendant Was Obligated to Follow the HBOR in Reviewing Plaintiff's Loan Modification Application.**

Defendant argues that it was not obligated to review Plaintiff for another loan modification because he already received a loan modification in December 2009. MTD at p. 5, ln. 20-21. Thus, Defendant argues that it was not required to abide by the HBOR unless Plaintiff

documented a financial change in circumstances. MTD at p. 5, ln. 20-27. Defendant's argument fails for several reasons. First, Plaintiff pleaded that the loan modification that he submitted to Defendant showed a documented change in Plaintiff's financial circumstances since his last loan modification. FAC at ¶ 15. Specifically, Plaintiff pleaded that his "monthly income changed significantly, as he received a substantial raise at his employment whereby his monthly salary increased over $2,000.00 per month, which Plaintiff documented in his loan modification application." FAC at ¶ 15. Therefore, because the loan modification application that was submitted to Defendant showed a "material change in the borrower's financial circumstances," Cal. Civ. Code § 2923.6 does apply to Plaintiff's application. Second, even if Plaintiff had not had a change in income, pursuant to the Civil Code, while Defendant was not obligated to evaluate Plaintiff's application, however, once Defendant did, willingly, undertake the evaluation, they were required to abide by the HBOR. Cal. Civ. Code § 2923.6(g).

Defendant also argues that Plaintiff has not pleaded that his material change in income was documented. MTD at p. 6, ln. 15-28. However, Plaintiff has done just that by pleading that "[b]etween April and September 2013…Plaintiff's monthly income changed significantly, as he received a substantial raise at his employment whereby his monthly salary increased over $2,000.00 per month, which Plaintiff documented in his loan modification application." FAC at ¶ 15. Further, Plaintiff pleaded that he "provid[ed] information regarding his monthly gross income." FAC at ¶ 16. Defendant, argues, that this is insufficient and points to several cases which are wholly inapposite to the case at hand. First, Defendant cites to the Court's ruling in Winterblower v. Wells Fargo Bank, N.A., where the Court found that the Plaintiff was not entitled to a Temporary Restraining Order because he had not shown a likelihood of success on the merits for his § 2923.6 claim. However, the standard in granting a Motion to Dismiss is much less than the standard for obtaining a Temporary Restraining Order and, therefore, Winterblower is inapposite. Further, the remainder of the cases are distinguishable in that that plaintiff did not submit supporting documents regarding the material change in income but, rather, merely submitted a gratuitous letter stating that the borrower had a change in income. See MTD at p. 6, ln. 16-28. Here, Plaintiff alleged that he submitted additional information regarding his increase

in his monthly gross income. FAC at ¶ 15-16. Therefore, Defendant's argument should be disregarded. However, should the Court deem these allegations insufficient, Plaintiff respectfully requests leave to amend.

**b. Plaintiff Submitted a Complete Loan Modification Application.**

Defendant next argues that there are no facts alleged that Plaintiff's loan modification application was complete. MTD at p. 6, ln. 6-14. This argument, likewise, misconstrues the facts and misstates the law. First, Plaintiff has pleaded that he submitted a complete loan modification application. FAC at ¶ 24. Further, Plaintiff pleaded that he submitted all documents requested by Defendant, which is, presumptively, a complete application. Cal. Code of Civ. Proc. § 2923.6(h); FAC at ¶ 15. Lastly, the completeness of an application is not a requirement to allege a violation of Cal. Civ. Code § 2923.6(e)(2). Under the Civil Code § 2923.6(c), the servicer's duty to refrain from filing documents during the pendency of a loan modification review is triggered by the borrower submitting a complete application. However, under § 2923.6(e), a completely different section, the Legislature does not indicate that the application must be complete, but only states that "[i]f the borrower's application for a first lien loan modification is denied [even for being incomplete], the mortgage servicer….shall not…record a notice of trustee's sale…until the later of…(2) [i]f the borrower appeals the denial…the later of 15 days after the denial or the appeal…" Cal. Civ. Code § 2923.6(e)(2). Therefore, although Plaintiff plead that the application was complete, doing so was not a requirement of the statute and, therefore, Defendant's argument fails.

**C. Plaintiff's Cause of Action for Violation of Cal. Civil Code § 2923.7 is Sufficiently Plead.**

Plaintiff claims that Defendant violated Cal. Civ. Code § 2923.7 by failing to provide Plaintiff with a single point of contact that carried out the duties delineated by the statute. FAC at ¶ 28-32. Defendant first argues that Plaintiff's claim fails because he has not alleged that the property has less than four units. MTD at p. 7-8. However, as discussed in detail above, the judicially noticeable documents confirm that the property is a single family residence. Therefore,

this argument must be disregarded. Further, as set forth below, the remainder of Defendant's arguments, likewise, fail.

**1. Defendant's Arguments Clearly Misstate Plaintiff's Allegations in their Entirety.**

Plaintiff alleges that Defendant did not provide him with a knowledgeable single point of contact at any time. Specifically, Plaintiff alleges that, in March 2013, Defendant indicated that it was appointing an individual named Anthony Johnson to serve as Plaintiff's single point of contact, however, despite Plaintiff's repeated attempts to contact Mr. Johnson, Plaintiff was never able to speak with Mr. Johnson. FAC at ¶ 11. Further, Plaintiff alleges that when he received a modification offer from Defendant in March 2013, he tried repeatedly to contact Mr. Johnson or anyone to discuss the terms of the modification, but he was never able to reach any individuals that were knowledgeable about his account. FAC at ¶ 12-13. This lack of communication from Mr. Johnson resulted in Plaintiff not being able to accept the loan modification which he would have accepted if Mr. Johnson had simply responded to Plaintiff's calls. FAC at ¶ 33. Plaintiff also pleaded that on or around May 24, 2013, he received a letter from NATIONSTAR indicating that its representative, Duane Fenton, would be Plaintiff's new single-point of contact, however, Plaintiff was never able to contact Mr. Fenton either, despite his repeated attempts to contact him. FAC at ¶ 14. In fact, between April and September 2013, Plaintiff continued his attempts to reach his single-point of contact to determine the status of his application, but was never able to reach any individual at NATIONSTAR that could speak with him about his application. FAC at ¶ 15. Defendant, however, argues that Plaintiff received information from a SPOC, received a modification, accepted the modification and made a payment under the modification, all of which is untrue as set forth below.

**2. Defendant Was Not Assigned a Single Point of Contact as Defined by the Statute.**

Defendant argues that Plaintiff was assigned a single point of contact. MTD at p. 8, ln. 3-4. Plaintiff does not dispute that he received letters indicating that he had various single points of contact, however, he does allege that these purported single points of contact, in no way, fulfilled any of the duties required of them by Cal. Civ. Code § 2923.7(b). FAC at ¶ 30. Simply sending Plaintiff a letter stating that he has a purported single point of contact in no way satisfies the

requirements of the statute and, in fact, holding so would contradict the express purpose of the statute to "ensure that borrowers…are considered for, and have a meaningful opportunity to obtain, available loss mitigation options." Cal. Civ. Code § 2920.5, Section 1, subpart (b). Therefore, Defendant's argument fails.

**3. But For Defendant's Single Point of Contact Violations, Plaintiff Would Have Accepted a Modification and Been Current on His Loan – Avoiding Litigation.**

Next Defendant argues that Plaintiff was offered a modification, which Plaintiff signed and returned and made one payment on. MTD at p. 8, ln. 4-6. This is a vast misstatement of the facts alleged in Plaintiff's First Amended Complaint. In fact, Plaintiff alleges that he was offered a modification but was unable to accept it unless he could receive an answer to a simple question from Defendant regarding the principal balance. FAC at ¶ 12-13. However, because of Defendant's failure to provide a meaningful single point of contact to Plaintiff, he could not receive a response to his question. FAC at ¶ 13. Therefore, in order to show his good faith, Plaintiff faxed a signed copy of the modification agreement and a copy of a check, with a letter stating that he would accept the modification and send the check as required, if Defendant would respond to his question. FAC at ¶ 13. Again, because of Defendant's failure to provide a meaningful single point of contact to Plaintiff, he could not receive a response to his question and, thus, was not able to accept the modification. FAC at ¶ 13.

**4. Plaintiff's Purported SPOC'S Were Unable to Give Plaintiff Any Information Regarding Their Application.**

Defendant also argues that the purpose of the statute was met because (1) Plaintiff received information on how to apply for a modification and (2) had submitted a complete modification application before any assigned single point of contact failed to communicate with him. MTD at p. 8, ln. 7-21. First, the case cited by Defendant is not binding on this Court. Further, in Boring, the Court was tasked with determining whether the defendant had not fulfilled its duties under § 2923.7(b)(1), which requires that the single point of contact "communicat[e] the process by which a borrower may apply for an [modification] and the deadline for any required submissions." Boring v. Nationstar Mortgage, LLC, (ED Cal. Jan 7, 2014) 2014 WL 66776 at

*4. However, in the present case, Plaintiff does not allege that the single point of contact did not aid him in the initial application steps delineated in subsection (1), but claims that Defendant violated California Civil Code § 2923.7(b)(3) which requires that the single point of contact have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative and § 2923.7(b)(4) which requires that a single point of contact ensure that a borrower is considered for all foreclosure prevention alternatives. FAC at ¶ 29. Both of these subsections apply only after a borrower has submitted a loan modification application, therefore, the fact that Plaintiff had submitted an application prior to Defendant's complete disregard of the statute, is of no consequence, and Defendant's argument must be overruled.

**5. Plaintiff Has Suffered Direct Harm Resulting From Defendant's Statutory Failures.**

Lastly, Defendant argues that Plaintiff has failed to allege harm resulting from Defendant's egregious conduct. MTD at p. 8-9. That is ridiculous. Plaintiff has pleaded that Defendant's failure to provide Plaintiff a SPOC that was knowledgeable about his loan directly resulted in Plaintiff losing the chance to accept a modification, which he would have accepted if Defendant had provided him with a SPOC that had access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative. FAC at ¶ 33. Thus, Plaintiff was unable to bring his loan current and begin making payments on his loan to save his property as a direct result of Defendant's conduct. Further, Plaintiff pleaded that, had he been given a knowledgeable single point of contact, the single point of contact could have confirmed that his appeals were being processed and, as a result, the Notice of Trustee's Sale would not have been recorded, which damaged his credit and forced him to secure the services of an attorney and expend attorneys fees. FAC at ¶ 33. Thus, Plaintiff has pleaded specific economic loss directly resulting from Defendant's failures and, therefore, Defendant's argument fails.

///

///

**D. Plaintiff is Not Seeking Damages, Only Attorneys' Fees and Injunctive Relief.**

Lastly, Defendant argues that Plaintiff's First Amended Complaint fails because Plaintiff is not entitled to damages. MTD at p. 9-10. Plaintiff agrees that, although he has suffered damages, he is not yet entitled to those damages, but is only entitled to injunctive relief and attorneys' fees. Cal. Civ. Code § 2924.12(a)(1) and § 2924.12(i). Thus, Plaintiff only sought this relief, which the Civil Code expressly allows Plaintiff to seek. Id.; FAC at ¶ 25, 34. Therefore, Defendant's undeveloped and misguided argument fails.

## III. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that the Court overrule Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as to all causes of action. However, should the Court deem these allegations insufficient, Plaintiff respectfully requests leave to amend.

DATED: August 6, 2014

Respectfully submitted,

MELLEN LAW FIRM

/s/ *Sarah Adelaars*
Sarah Adelaars, Esq.
Attorney for Plaintiff
KEN MACKENSEN