UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MACKENSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Case No.  14-cv-02812-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Plaintiff Ken Mackenson brings this action seeking to prevent foreclosure of his home. He sues Defendant Nationstar Mortgage LLC ("Nationstar") contending that Nationstar's handling of his loan modification applications violates the Homeowner's Bill of Rights.  Now pending before the Court is Nationstar's Motion to Dismiss for failure to state a claim upon which relief can be granted.  (Dkt. No. 15.)  After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-l(b), and DENIES Nationstar's motion to dismiss.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is the owner of real property located at 92 Santa Maria Dr., Novato, California 94947. (First Amended Complaint ("FAC") ¶ 3.)  After purchasing the property in 2002, he refinanced in 2006 executing a Deed of Trust and Promissory Note in favor of GreenPoint Mortgage Funding LLC.  (*Id*. ¶ 8.)  The loan was subsequently assigned to Aurora Loan Services, a.k.a. GMAC Mortgage, LLC, and in December 2009, Plaintiff and GMAC entered into a modification agreement whereby Plaintiff and GMAC agreed that Plaintiff's total principal balance would now be $642,506.52, with $70,439.01 deferred as a balloon payment upon maturity of the loan. (*Id*.)  Then, in July 2012, Defendant Nationstar became the beneficiary and the

1   servicer under Plaintiff's Deed of Trust and Promissory Note.  (*Id*. ¶ 10.)

2   Thereafter, Plaintiff sought a loan modification of his first lien deed of trust with
3   Nationstar, and in March 2013, he requested that Nationstar assign him a single point of contact to
4   assist with the modification process.  (*Id*. ¶¶ 10-11.)  Nationstar notified Plaintiff that Anthony
5   Johnson had been assigned as his single point of contact, but Plaintiff was never able to contact
6   Mr. Johnson.  (*Id*. ¶ 11.)

7   On March 27, 2013, Plaintiff received a letter notifying him that he had received a loan
8   modification and that to accept the modification he needed to send, via Fed-Ex, one original,
9   notarized copy of the modification by April 29, 2013. (*Id*. ¶ 12.) The letter indicated that
10  Plaintiff's principal balance would be increased to $741,977.84.  (*Id*.) "Plaintiff was unsure
11  whether this new principal balance accounted for the $70,439.01 balloon payment that was a part
12  of the 2009 modification, or whether, if he accepted this modification with the increased principal
13  balance, he would still owe $70,439.01 at the end of the loan." (*Id*.)   He therefore attempted to
14  contact Mr. Johnson beginning on April 4 to inquire as to the precise terms of the loan. (*Id*.)  He
15  was unable to reach Mr. Johnson via telephone or in writing and neither Mr. Johnson nor
16  Nationstar acknowledged his contact attempts.  (*Id*.)  Because he had not received a response, on
17  April 29 (the deadline to accept the loan modification), Plaintiff faxed a signed and notarized copy
18  of the agreement and a copy of a check for $5,862.00 (the first payment amount due under the
19  modification) along "with a letter indicating that he would like to accept the modification and
20  would send the originals once Nationstar responded to his questions about the principal balance."
21  (*Id*. ¶ 13.)  Despite Plaintiff's multiple attempts to contact Mr. Johnson or anyone else at
22  Nationstar from April 2014 through August 2014 (presumably 2013), no one responded to
23  Plaintiff's inquiries regarding the loan modification amount.  (*Id*.)

24  Plaintiff did receive other communications from Nationstar during this time, including a
25  notification in May 2013 that he had been assigned new single point of contact, Duane Fenton;
26  however, as with Mr. Johnson, Plaintiff was never able to contact Mr. Fenton.  (*Id*. ¶ 14.)  Plaintiff
27  also received requests for additional documents between April and September 2013 as Nationstar
28  indicated that Plaintiff's loan modification application was still under review.  (*Id*. ¶ 15.)  Plaintiff

complied with all these requests. (*Id*.) Further, during this time Plaintiff's monthly income changed significantly "as he received a substantial raise at his employment whereby his monthly salary increased over $2,000.00 per month, which Plaintiff documented in his loan modification application." (*Id*.)

On September 5, 2013, Plaintiff was notified that he was not qualified for a HAMP modification because the "proposed monthly payment…was either less than 10% OR greater than 55% of [Plaintiff's] monthly gross income." (*Id*. ¶ 16.) Plaintiff appealed this denial and submitted proof of his new monthly income. (*Id*.) On September 19, 2013, Plaintiff received a letter notifying him that he was not eligible for an in-house modification because the "net present value" was negative. (*Id*. ¶ 17.) The letter stated that he had 30 days to appeal and indicated that if he sought to dispute the valuation on appeal he would need to submit a check for $200 for the appraisal fee. (*Id*.) Plaintiff submitted his appeal and a check for $200 on October 18, 2013. (*Id*.)

A Notice of Trustee Sale was recorded on November 15, 2013—prior to a decision on either of Plaintiff's appeals. (*Id*. ¶ 18.)

Plaintiff filed the underlying lawsuit in the Superior Court for the County of Marin in May 2014 alleging two causes of action under the Homeowner's Bill of Rights: (1) violation of California Civil Code Section 2923.6's dual tracking prohibition, and (2) violation of Section 2923.7's requirement that the mortgager establish, upon request, a single point of contact. Nationstar thereafter removed the action to this Court based on diversity jurisdiction and moved to dismiss for failure to state a claim.[1] (Dkt. Nos. 1 & 9.) In response to the motion to dismiss, Plaintiff filed his First Amended Complaint. (Dkt. No. 12.) Nationstar thereafter renewed its motion to dismiss (Dkt. No. 15); however, the parties agreed to stay proceedings while they attempted to resolve the matter with the assistance of the court's ADR unit (Dkt. No. 21). As this effort was unsuccessful, the Court lifted the stay and now considers the pending motion to dismiss.

//

//

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 10 & 14.)

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).

**DISCUSSION**

The California Homeowner Bill of Rights ("HBOR") is a "state law designed to both provide protections for homeowners facing [non-judicial] foreclosure and reform aspects of the foreclosure process." *Shapiro v. Sage Point Lender Servs.*, No. 14-1591, 2014 WL 5419721, at *4 (C.D. Cal. Oct. 24, 2014) (citing Cal. Civ. Code § 2923.4(a)). The HBOR took effect on January 1, 2013. Among its protections to home borrowers, the HBOR "attempts to eliminate the practice,

4

commonly known as dual tracking, whereby financial institutions continue to pursue foreclosure even while evaluating a borrower's loan modification application." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013); *see* Cal. Civ. Code § 2923.4 (noting that the purpose of the act is to ensure that borrowers are "considered for, and have a meaningful opportunity to obtain, available loss mitigation options" in order to avoid foreclosure). Thus, while a borrower's complete application for a first lien loan modification is pending (including an appeal of the denial thereof), the servicer may not record a notice of default, notice of trustee's sale, or conduct a trustee's sale. *See* Cal. Civ. Code § 2923.6(c), (e).

### A. HBOR Applies to the Subject Property

Section 2924.15(a) states that HBOR "shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." Nationstar first contends that the entire action must be dismissed because Plaintiff has failed to allege that the property at issue is a single-family residence of no more than four dwelling units. Nationstar's argument is not well-taken. Although Plaintiff did not specifically plead that the residence at issue contains no more than four dwellings, Nationstar—as the beneficiary and servicer of Plaintiff's loan—is well aware of the number of dwelling units on the subject property. Even if this were not the case, the Deed of Trust establishes that it is a single-family residence.[2] Accordingly, Plaintiff has adequately pled that HBOR applies to the

---

[2] Plaintiff submitted a Request for Judicial Notice of the Deed of Trust with his opposition brief. (Dkt. No. 17.) The Court may take judicial notice of a fact "that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). There is no rule that a request for judicial notice may only be made by the moving party. Nationstar's citation to *Branch v. Tunnell* is misplaced. *See, Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in Ruling on a 12(b) motion to dismiss."); *see also Bhardwaj v. Pathak*, No.13-3807, 2013 WL 5958145, at *1 (N.D. Cal. Nov. 7, 2013) ("This Court may take judicial notice of documents in a Rule 12(b)(6) motion where those documents are "central to a plaintiff's claim" and where those documents, while not physically attached to plaintiff's complaint, are referenced in the complaint.") Here, the Deed of Trust was referenced in the First Amended Complaint and Nationstar does not dispute its authenticity, just its admissibility. As judicial notice is appropriate for "materials incorporated into the complaint or matters of public record," Plaintiff's Request for Judicial Notice of the Deed of Trust—a public record not subject to reasonable dispute—is granted. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The title of the document reflects that it is for a single-family residence; the Court may take judicial notice of the title without considering the truth of the contents of the

1 subject property.

**B.  Plaintiff has Stated a Claim for Violation of the HBOR § 2923.6**

Plaintiff contends that Nationstar violated Section 2923.6's dual tracking prohibition when it recorded the Notice of Trustee Sale on November 15, 2013 while his appeals of the denials of his loan modification applications were pending.  (FAC ¶ 24.)  Section 2923.6(c) provides that:

> If a borrower submits a complete application for first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until ... [the servicer] makes a written determination that the borrower is not eligible for a first lien loan modification.

If a borrower's application is denied, the borrower is entitled to at least 30 days from the date of the written denial to appeal and provide evidence that the denial was in error. *Id*. § 2923.6(d). Further, if a borrower's application is denied, the servicer must not record a notice of sale until the later of (1) 31 days after notifying the borrower of the denial in writing; or (2) the 15 days after the appeal taken is denied.  *Id*. § 2923.6(e).  In addition:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modification for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g).

Nationstar contends Section 2923.6 does not apply because Plaintiff already obtained a successful loan modification on his first lien mortgage prior to January 1, 2013 and there is no evidence that Plaintiff thereafter submitted a complete loan modification application based on a material change in his circumstances.  Although Nationstar concedes that Plaintiff has pled a

---

Deed.

"material change" in his financial circumstances, it contends that Section 2923.6 does not apply because Plaintiff has not (1) specified when exactly he notified Nationstar of this change, (2) shown that the changed circumstances were adequately documented, or (3) that he submitted a complete loan modification application based on the material change.

There is no dispute that Plaintiff received a first lien loan modification prior to January 1, 2013; thus, HBOR only applies if Plaintiff can allege a "material" change in his financial condition which was documented and submitted to Nationstar after January 1, 2013. According to the First Amended Complaint, during the time Plaintiff was actively pursuing a loan modification with Nationstar from April through September 2013, Plaintiff's monthly income increased over $2,000 per month and he "documented [this] in his loan modification." (FAC ¶ 15.) During this same period, he was also submitting other requested documentation to Nationstar in support of his loan modification application. (*Id.*)

These allegations are sufficient at the pleading stage to show "that there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." Cal. Civ. Code § 2923.6(g). Plaintiff has alleged that he submitted documentation to Nationstar regarding his significant change in monthly income between April and September 2013. *See Dias v. JP Morgan Chase, N.A.*, No. 5:13-CV-05327-EJD, 2015 WL 1263558, at *5 (N.D. Cal. Mar. 19, 2015) (concluding that plaintiffs' allegation that "their application contained a documented material change in income due to a $2,000 decline in their monthly income" "sufficiently pled a material change in financial circumstances that places them within the scope of Section 2923.6(g).").

Nationstar's reliance *Withers v. J.P. Morgan Chase Bank N.A.*, No. 14-0351, 2014 WL 3418367, at *4 (N.D. Cal. July 11, 2014), is misplaced. There, the plaintiff merely alleged that he had promptly submitted "all documentation requested" and did not specifically allege that he had submitted documentation reflecting a change in income as a result of his return to the workforce or rental income. *Id.* at *4; *see also Ware v. Bayview Loan Servicing, LLC*, No. 13-1310, 2013 WL 6247236, at *5 (S.D. Cal. Oct. 29, 2013) (concluding that the plaintiffs had failed to adequately

7

1   document a material change in their financial condition where their counsel merely submitted a
2   letter stating that "borrowers' financial circumstances have materially changed as their income and
3   expenses have changed since they last submitted an application for foreclosure alternatives.").
4   Here, Plaintiff alleges that he specifically submitted *documentation of his change in income*.
5   While Plaintiff does not allege precisely what documentation was submitted, at the motion to
6   dismiss stage he is not required to do so.

7   Nationstar's argument that Plaintiff has not alleged that he submitted a "complete" loan modification application is no more persuasive. Pursuant to the statute, an application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ.Code § 2923.6(h). Completeness of a loan modification application should be considered at the time the notice of trustee sale is recorded. Here, Plaintiff alleges both that he "submit[ted] all required documents requested by Nationstar" (FAC ¶ 15), and that he timely submitted appeals of the denials of his loan modification applications (*Id*. ¶¶ 16-17); nonetheless, a notice of trustee sale was recorded prior to a decision on his appeals (*Id*. ¶ 18). These allegations are sufficient to show that Plaintiffs' application was complete prior to September 2013—it is unclear otherwise how Nationstar could have denied the application. *See, e.g.*, *Dias*, 2015 WL 1263558 at *5 ("Allowing Chase to declare three months after recording a Notice of Trustee Sale that a loan modification is incomplete would permit any mortgage servicer to circumvent the protections afforded by the statute. Mortgage servicers cannot manipulate the statute to immunize themselves from liability by recording a notice of trustee sale and then stating that the loan modification application was incomplete.") The allegations are also sufficient to invoke Section 2923.6(e)(2) prohibition on recording a notice of sale until "thirty-one days after notifying the borrower of the denial [of his appeal] in writing" as Plaintiff has alleged that he submitted appeals with the necessary documentation.

26   Accordingly, Nationstar's motion to dismiss Plaintiff's claim under Section 2923.6 is
27   denied.
28

**C.  Plaintiff has Stated a Claim for Violation of the HBOR § 2923.7**

"In connection with its enactments to address dual tracking, the California legislature also enacted a single point of contact provision [SPOC] to prevent borrowers from being given the run-around." *Rockridge Trust v. Wells Fargo NA*, No. 13-01457, 2014 WL 688124, at *23 (N.D. Cal. Feb. 19, 2014) (internal citation and quotation marks omitted).  In particular, Section 2923.7 of the California Civil Code provides that upon a borrower's request for a foreclosure prevention alternative, the servicer must promptly designate one person to be the point of contact to communicate directly with the borrower.  Cal. Civ.Code § 2923.7(a).  The SPOC is responsible for doing all of the following:

> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.
> (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.
> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.
> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Cal. Civ. Code § 2923.7(b).

Plaintiff contends that Nationstar violated Section 2923.7 "when it purported to assign Plaintiff several different points of contact while Plaintiff had an open loan modification application pending, and following Plaintiff's written request for a knowledgeable single-point of contact." (FAC ¶ 30.)  Specifically, Plaintiff alleges that while he made repeated efforts to contact his so-called points of contact "none of the supposed points of contacts ever contacted Plaintiff, or made attempts to do so, in order to adequately inform Plaintiff of the current status of his account and his concerns." (*Id*.)

Nationstar's arguments in favor of dismissal are two-fold.  First, Nationstar contends that Plaintiff fails to allege a violation of Section 2923.7 because nothing in the statute requires that a borrower communicate with only once point of contact.  Second, Nationstar argues that even if

9

Plaintiff's allegations were sufficient, Plaintiff does not allege any economic or material harm. The Court is not persuaded by either argument.

Plaintiff alleges that although he was assigned two different single points of contact—Messrs. Johnson and Fenton—he was never able to speak to either despite his repeated efforts to communicate with both telephonically and in writing regarding the status of his loan modification application. (FAC ¶¶ 12-14, 30.) In particular, he alleges that although he repeatedly attempted to contact Mr. Johnson after he received notice of his March 2013 loan modification approval to confirm whether the new principal balance included "the $70,439.01 balloon payment that was a part of the 2009 modification" he was "never able to speak with an individual who could tell him the total principal balance required of him under the loan modification agreement," and thus, unable to accept the loan modification. (*Id.* ¶¶ 12-13.) This is sufficient to state a claim under Section 2323.7. *See, e.g.*, Cal. Civ. Code § 2923.7(b)(3) (the SPOC shall "[have] access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status"); § 2923.7(b)(4) (the SPOC shall ensure "that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer"); *see also Garcia v. Wells Fargo Bank N.A.*, No. 13–3670, 2014 WL 458208 at *4 (N.D. Cal. Jan. 31, 2014) (denying motion to dismiss Section 2923.7 claim where plaintiff alleged that her SPOC was unresponsive to her phone calls); *Mungai v. Wells Fargo Bank*, No. 14-00289, 2014 WL 2508090, at *10 (N.D. Cal. June 3, 2014) ("Finding that a mortgage servicer complies with Section 2923.7 when it assigns an SPOC who fails to communicate with the borrower would render the SPOC requirement a nullity.") (internal citations omitted). Nationstar's repeated assertion that Plaintiff was able to pursue foreclosure options and in fact accepted the offered loan modification is not supported by the allegations of the First Amended Complaint which allege that Plaintiff *attempted* to accept the modification by faxing the agreement to Nationstar along with a *copy* of a check for the first payment, but he never mailed in the originals of these items because he was unable to talk to anyone to confirm the loan amount.

The Court thus turns to the question of whether Plaintiff's claim is nonetheless barred because he not alleged any material or economic loss under the statute. Section 2924.12 governs

relief under Section 2923.7. Subsection (a) provides that if a "trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation" whereas subsection (b) authorizes "actual economic damages" if a "trustee's deed upon sale has been recorded." Cal. Civ. Code § 2924.12. Plaintiff concedes that as no actual trustee sale has taken place he is not eligible for actual damages. Thus, the inquiry turns on whether Plaintiff has adequately pled entitlement to injunctive relief.

Plaintiff contends that because of Nationstar's violation of the statute he was not able to accept the loan modification application which has resulted in the "imminent loss of his property, the destruction of his credit, and the denial of his loan modification application and the loss of his right to appeal." (FAC ¶ 33.) Nationstar, for its part, has not cited any authority interpreting the term "material" for purposes of Section 2924.12. From a Rule 12(b)(6) viewpoint, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. "Had [Plaintiff] obtained a modification, [he] may have been able to keep [his] house and lower [his] mortgage payments. At this stage, the Court cannot say that this alleged violation was not material…Plaintiffs' damages may turn out to be minimal, but that is not something that the Court can determine on a Motion to Dismiss." *Segura v. Wells Fargo Bank, N.A.*, No. 14-04195, 2014 WL 4798890, at *7 (C.D. Cal. Sept. 26, 2014).

Accordingly, the Court concludes that Plaintiff has adequately pled a claim for relief under Section 2923.7. The motion to dismiss is therefore denied.

## CONCLUSION

For the reasons set forth above, Nationstar's Motion to Dismiss (Dkt. No. 15) is DENIED. Nationstar shall answer the First Amended Complaint within 14 days.

**IT IS SO ORDERED.**

Dated: April 28, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge